[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Concerning Plaintiff's March 15, 1995,Motion for Leave to File Supplemental Requests for Production.
Having heard oral argument with respect to this matter on January 21, 1997, and reviewed the parties' subsequent written submissions, the Court rules as follows.
 1. Request for the Complete Hartford Police Department Internal Affairs File Concerning the October 18, 1992, High Speed Chase by Officer Thomas Sutton and the Collision of Officer Sutton's Vehicle With the Vehicle of Samuel Berkowitz.
CT Page 1312
Pursuant to Practice Book Section 218, "Discovery shall be permitted if the disclosure sought would be of assistance in the prosecution or defense of the action and if it can be provided by the disclosing party or person with substantially greater facility than it could otherwise be obtained by the party seeking disclosure." Section 218 also states that "It shall not be ground for objection that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of inadmissible evidence." The above request seeks material that is, in the Court's view, properly discoverable, particularly in light of the serious nature of the injuries alleged in this case. Consequently, defendants' objection is overruled. However, in light of the particular concerns that relate to disclosure of Internal Affairs files, disclosure shall be made pursuant to the terms of a protective order, See Practice Book Section 221, the precise terms of which shall be agreed upon by the parties in consultation. Should the parties have difficulty in reaching an agreement on the terms of a protective order, they may seek further Court involvement.
2. Request for Any and All Other Hartford Police Department Internal Affairs Files Concerning Officer Thomas Sutton, Including But Not Limited to the Investigation of a Shooting Involving Officer Sutton on September 14, 1994.
This request is overly broad and does not seek information "reasonably calculated to lead to the discovery of admissible evidence" given the allegations in the complaint. Defendants' objection is sustained.
However, defendants shall produce, subject to protective order to be agreed upon between the parties, any Internal Affairs files relating to Officer Sutton's involvement in all high-speed chase incidents or occurrences, if any, while in the employment of the Hartford Police Department.
 3. Request for the Complete Hartford Police Department Personnel File of Officer Thomas Sutton.
This request is overly-broad and not "reasonably calculated to lead to the discovery of admissible evidence." Moreover, as defendants note, the City has a statutory obligation not to disclose personnel files of its employees. Connecticut General Statutes Sections 1-19 (b)(2). See State v. Leonard,
CT Page 131331 Conn. App. 178, 198, 623 A.2d 1052, cert. denied 226 Conn. 912
(1993). On the present record, therefore, in light of the significant privacy concerns implicated by this request, the objection is sustained.
Douglas S. Lavine Judge, Superior Court